Opinion
THE COURT.*
FACTS
Appellant, Tatiana Artiga Zunis, was cited for violating Vehicle Code section 22348, subdivision (b)—driving at a speed in excess of 100 miles per hour. She pled not guilty and the case proceeded to a court trial. The facts are taken from the settled statement on appeal.* [1]
California Highway Patrol (CHP) Officer Hines testified he was on duty in a CHP aircraft in San Bernardino County at an altitude of approximately 1000 to 1200 feet, when he observed appellant’s vehicle traveling at a speed he visually estimated to be 105 miles per hour. He based his estimate on his 40-hour radar training class, where he had been required to make at least 100 estimates of a vehicle’s speed within five miles per hour of actual speed. These visual training exercises were performed on the ground, not from the air. The officer did not recall how many estimates he made before he had reached 100 accurate estimates.
After making his visual estimate, the officer aligned his wing strut with appellant’s vehicle and, using a stopwatch, he clocked the aircraft moving through one and one-half miles of freeway milepost markers. Then, he consulted a chart that converted time and distance to speed and found appellant was driving at 105 miles per hour.
The officer did not personally know whether the markers were exactly one mile apart. He believed they were, because they were established at the time *Supp. 4 of highway construction by the CHP and the California Department of Transportation (Caltrans) in reliance on official surveys. The court overruled appellant’s hearsay objection to the testimony about how the markers were established.
Officer Hines admitted if his stopwatch were inaccurate, his speed calculation would be wrong. He had never personally calibrated the watch but he believed it to be accurate. As further evidence of accuracy, he offered a letter from the manufacturer, dated December 23, 1999. It states its stopwatches are calibrated at the factory to an accuracy of within plus or minus 15 seconds per month. Thereafter, the accuracy of any given unit can be verified at any time by use of a Vibrograf machine. Many states require individual units to be certified accurate to within one second per 24 hours every 60 days.[2] From 1990 to 1999, the manufacturer had not heard of any of its watches failing to meet accuracy requirements.
Appellant objected to the letter as lacking proper foundation.[3] The objection was overruled. Appellant presented no evidence.
After taking the matter under submission, the court found appellant guilty and imposed a $427 fine. This appeal followed.
DISCUSSION
Appellant contends the court erred by accepting into evidence the officer’s testimony concerning placement of the milepost markers and the letter from the stopwatch manufacturer concerning the watch’s accuracy. She also contends the evidence fails to support the conviction. While we agree the letter should have been excluded, we find the error was not prejudicial, and affirm.
No judgment will be reversed on account of an erroneous admission of evidence unless (1) appellant objected to the evidence on a specific ground and (2) the reviewing court finds “the evidence should have been excluded on the ground stated.” (Evid. Code, § 353, subds. (a), (b).) Even if evidence should have been excluded, an appellant must further show the failure to exclude it resulted in a miscarriage of justice. (§ 353, subd. (b).) That is, she must show, absent the error, it is reasonably probable a more favorable result would have been reached at trial. (Brokopp v. Ford Motor Co. (1977) 71 Cal.App.3d 841, 843 [139 Cal.Rptr. 888].) Prejudice is never presumed; it must be affirmatively demonstrated. (Ibid.)
*Supp. 5 Appellant raised a hearsay objection to Officer Hines’s testimony concerning who was responsible for placing milepost markers and ensuring their accuracy. Hearsay is a statement “made other than by a witness while testifying at the hearing that is offered to prove the truth of the matter stated.” (Evid. Code, § 1200, subd. (a).) The officer testified that Caltrans and the CHP are responsible for establishing milepost markers when highways are constructed. This evidence is not an out-of-court statement and therefore is not hearsay. The court correctly overruled the objection and accepted this evidence. Once the prosecution established that the markers were placed by government agencies, it was entitled to the presumption that those agencies regularly performed their official duty of properly placing those markers at the proper distances. (Evid. Code, § 664; see also Veh. Code, § 41101 [establishing a presumption that traffic signs or traffic control devices are presumed to have been placed by an official act or direction of a lawful authority and further presumed to conform to statutory requirements].) Appellant bore the burden of showing they were not properly placed. She offered no such evidence.
In her brief, appellant also contends the letter from the stopwatch manufacturer should have been excluded as hearsay. The settled statement indicates appellant objected to the letter for lack of foundation. It is unclear from the record whether appellant also offered a hearsay objection. Although this ground is not mentioned in the settled statement, the proposed statement on appeal and the brief suggest that such an objection may have been made
Regardless, the letter was objectionable on either theory and should have been excluded. It was hearsay—a written out-of-court statement offered for the truth of the matter asserted (the accuracy of this manufacturer’s stopwatches.) In addition, it lacked a proper foundation because it was not authenticated. (Evid. Code, §§ 1400, 1401.) Furthermore evidence must be relevant to be admissible (Evid. Code, § 210, 350). The letter had little to no relevance on the issue of the accuracy of the officer’s stopwatch. It was six years old, and while it vouched for the manufacturing and calibration processes of a category of watches, it did not vouch for the accuracy of the instmment the officer actually used in this case.[4]
Nevertheless, as noted ante, the erroneous exclusion of evidence will not result in a reversal absent a showing that the result would have been different if the evidence had not been admitted. (Brokopp v. Ford Motor Co., supra, 71 Cal.App.3d at p. 843.) In effect, appellant contends that, if the letter had been excluded, the remaining evidence would not have supported the conviction. *Supp. 6 However, this argument apparently presumes that, without the letter, there would have been no evidence of the accuracy of the watch. This is not the case, because the officer’s testimony on this issue would still have been admissible. No calibration evidence was needed.
As we have previously noted: “ ‘[0]ur courts receive evidence daily of readings on watches, scales and other measures without affirmative proof of their testing; the defendant is, of course, at liberty to attack the readings through cross-examination and otherwise and the ultimate determination is fairly left to the trier of facts.’ ” (People v. Lowe (2002) 105 Cal.App.4thSupp. 1, 6 [130 Cal.Rptr.2d 249], quoting State v. Dantonio (1955) 18 N.J. 570 [115 A.2d 35, 41].) In Lowe, we held an officer could testify to speedometer readings, even absent any proof the speedometer was accurate. The same holds true in this case for the stopwatch reading.
The appellant was free to attack the accuracy of the watch “through cross-examination and otherwise” but the ultimate decision on how much weight to give the evidence rested with the trial judge, whose factual determinations cannot be revisited on appeal. We may not reweigh evidence. (People v. Ochoa (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103]; People v. Barnes (1986) 42 Cal.3d 284, 303-304 [228 Cal.Rptr. 228, 721 P.2d 110].) “ ‘[I]t is the exclusive province of the trial judge or jury to determine the . . . truth or falsity of the facts upon which a determination depends.’ ” (People v. Thornton (1974) 11 Cal.3d 738, 754 [114 Cal.Rptr. 467, 523 P.2d 267].)
Appellant further contends that Officer Hines’s visual estimate was not substantial evidence of speed because the officer had not been trained to perform visual estimates from the air and because he “admitted to a 5 mph error factor.” Again, these facts affect the weight to be placed on the officer’s visual estimate. However, we must presume the court afforded them the appropriate weight in reaching its conclusion that appellant exceeded 100 miles per hour.
Viewed in the light most favorable to the judgment, the evidence shows the following: From his official CHP plane, Officer Hines saw appellant moving at a speed he visually estimated to be 105 miles per hour. Using his official CHP stopwatch, which he believed to be accurate, he clocked the time it took appellant to drive between official highway mile markers. His conversion chart showed her speed to be 105 miles per hour, confirming his visual estimate. This evidence is sufficient to support the conviction.
*Supp. 7 DISPOSITION
The judgment is affirmed.

Wade, P. J., Frangle, J., and Slough, J.

 On July 5, 2005, the court filed its settled statement. On July 12, 2005, Appellant filed “Objection to Settled Statement on Appeal,” indicating the settled statement had omitted several key facts from the trial. On July 21, 2005, the court ordered appellant’s objections to be included in its settled statement. The original settled statement is in the clerk’s transcript. Appellant’s objections and the court’s order are not paginated with a Bates stamp, but can be found on the left side of the appeals file.

 Appellant has offered no authority suggesting California is one of these states.

 There may also have been a hearsay objection—see discussion, post.

 See objection to settled statement.